NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-30017 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-00005-BR |
| v. | |
| GERALD DUANE RANDLE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Gerald Duane Randle appeals from the district court's judgment and

challenges the 24-month sentence imposed following the revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Randle argues that the district court procedurally erred by failing to explain

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the sentence adequately and failing to address his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record as a whole reflects that the court heard and considered Randle's arguments, but was nevertheless persuaded that the maximum sentence of incarceration was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Randle next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Randle's extensive criminal history, his repeated violations of conditions, his failure to engage in the support programs previously offered to him, and his unwillingness to take responsibility for his actions. *See Gall*, 552 U.S. at 51.

Randle's unopposed motion to supplement the record on appeal is granted.

**AFFIRMED.**